UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN LING,<br><br>   Plaintiff,<br><br>  v.<br><br>DURAVENT; DURAVENT, INC.; and M&M DURAVENT, INC.,<br><br>   Defendants. | No. 2:19-cv-01903-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Julian Ling ("Plaintiff") seeks relief from Defendants Duravent, Inc. and M&M Duravent, Inc. (collectively, "Defendants") for violations of the California Labor Code and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. Plaintiff, on behalf of himself and others similarly situated, filed a Class Action Complaint in the Superior Court of California, County of Solano. On September 19, 2019, Defendants removed Plaintiff's case to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1. Presently before the Court is Plaintiff's Motion to Remand. ECF No. 6. For the reasons set forth below, Plaintiff's Motion is GRANTED.[1]

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

Plaintiff brings the present action on behalf of himself and other current and former hourly-paid or non-exempt employees who worked for any of the Defendants within California at any time during the period from four years preceding the filing of this Complaint to final judgment ("Relevant Time Period") and who reside in California. Compl., ECF No. 1-2, ¶ 15. Defendants employed Plaintiff in the County of Solano as an hourly-paid, non-exempt employee from approximately July 2013 to October 2015, and from approximately March 2016 to September 2018. Id. ¶ 27. Defendants directly hired and paid wages and benefits to Plaintiff and other class members. Id. ¶ 31. Plaintiff and other class members worked over eight hours a day and/or forty hours a week during their employment with Defendants.[2] Id. ¶ 33. Plaintiff alleges that Defendants engaged in a pattern and practice of wage abuse against putative class members, which involved, among other things, failing to pay them, during employment or upon termination, for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law. Id. ¶ 34.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The

---

[2] Defendants state their full-time or temporary employees are scheduled to work ten hours per day at four days per week. Hamilton Decl., ECF No. 10-1, ¶ 4.

party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

CAFA gives federal district courts original jurisdiction in any civil action where: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) the action is pleaded as a class action involving more than 100 putative class members, and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). It also provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." Id. § 1332(d)(6).

The only question for this Court to resolve with the instant Motion is whether the amount in controversy in this action exceeds $5,000,000 as required for federal court jurisdiction under CAFA. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). When a plaintiff challenges the amount in controversy under CAFA, the Ninth Circuit requires the defendant opposing remand to demonstrate, by a preponderance of the evidence, that the amount in controversy will likely exceed $5,000,000. Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). Where damages are not stated in the complaint or, "in the defendant's view are understated," the defendant must submit competent, summary judgment-type evidence relevant to the amount in controversy at

///

///

the time of removal in order to carry its burden.[3]  Id.  Although a defendant may rely on good-faith calculations to satisfy its burden, those calculations must not be based on unreasonable or speculative assumptions.  Ellis v. Pac. Bell Tel. Co., No. SACV 10-01141, 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011); Ibarra, 775 F.3d at 1197.

Defendants' calculations here are far too conjectural to meet their burden of proving that the amount in controversy in this action exceeds $5,000,000.[4]  First, Defendants originally estimated that the size of the non-exempt, purported class exceeds 350 people over the Relevant Time Period with average hourly wages exceeding $16.50 per hour.[5]  Notice of Removal, ECF No. 1, at 6.  However, Defendants do not specify how many employees were permanent or temporary, or how many weeks each employee worked for Defendants.

Next, Plaintiffs take issue with Defendants' assumed violation rate, i.e., that each class member experienced one meal and rest period violation per workweek.  Pl.'s Mot. Remand, ECF No. 6, at 7–8.  Conversely, Defendants argue that the assumed rate is in fact conservative based on Plaintiff's allegations as laid out in the Complaint.  Defs.' Opp., ECF No. 10, at 3–4.  Courts have found that such an assumption is too speculative when unsupported by any evidence.  See Armstrong v. Ruan Transp. Corp., EDCV 16-1143-VAP (SPx), 2016 WL 6267931, at *1 (C.D. Cal. Oct. 25, 2016) (finding one meal and rest period violation per workweek was not a "conservative estimate" when

///

---

[3] Defendants suggest that Plaintiff was required to submit evidence showing that the amount in controversy falls below $5,000,000.  Defs.' Opp., ECF No. 10, at 3.  However, the burden is on Defendants to prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  See Contreras v. J.R. Simplot Co., No. 2:17-cv-00585-KJM-EFB, 2017 WL 4457228, at *2 (E.D. Cal. Oct. 6, 2017) ("Because plaintiff challenges defendant's estimate, defendant bears the burden to establish jurisdiction by a preponderance of the evidence . . . . [T]he absence of plaintiffs' rebuttal evidence does not change that requirement.").

[4] Defendants assert the amount in controversy is $12,514,549.90: $2,073,736.70 for meal and rest period violations; $3,178,320.00 for waiting time penalties; $1,943,483.18 for overtime compensation; $2,100,900.00 for minimum wage penalties; and $3,218,109.97 for attorneys' fees.  See Hamilton Decl., ECF No. 10-1.

[5] Defendants later claim the purported class is 894 people and the average hourly wage is $13.94.  Defs.' Opp., ECF No. 10, at 5.

defendant's declaration set forth only the number of class members, average number of workdays and hours, and frequency wage statements were issued).

Here, Defendants' violation rate is invalid because Defendants provide no reasonable ground for assuming the entire putative class experienced one meal period or rest period violation per week, especially given the fact that the Complaint does not support any such claims. See Compl., ECF No. 1-2, ¶¶ 36–38. Defendants argue their estimate was "conservative" because California courts have "assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation." Defs.' Opp., ECF No. 10, at 4 (citing Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1149–50 (C.D. Cal. 2010)). However, the Ninth Circuit has since held that an unsupported assumption of a 100 percent violation rate is unreasonable. Ibarra, 775 F.3d at 1199.

The only piece of summary judgment-type evidence proffered by Defendants in support of its amount in controversy calculation is the Declaration of Sherry Hamilton, Defendants' Human Resources Manager. Hamilton Decl., ECF 10-1. The Hamilton Declaration states that 894 employees worked at the facilities from August 14, 2015, to August 14, 2019, provides the regular rates of pay for each employee, and lists each employee's hire date. Ex. A, Hamilton Decl., ECF 10-1. However, Hamilton ignored the hire date of each employee in her meal and rest period calculations and instead assumed that all putative class members worked every week during the entire Relevant Time Period. Hamilton Decl., ECF 10-1, ¶ 6; see Ibarra, 775 F.3d at 1199 ("[A] damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them.").

Further, the calculations for waiting time penalties assume the maximum penalty of ten hours per day for thirty days, but Defendants do not provide the necessary concrete evidence as to why the maximum penalty should apply to each class member. Hamilton Decl., ECF No. 10-1, ¶ 7. Hamilton next assumes thirty minutes of overtime compensation

and applies it to all the putative class members who worked during the Relevant Time Period without considering the employee's hire date or providing any other rationale. Id. ¶ 8.  Additionally, the calculations for the minimum wage penalties assume ten violations per putative class member without providing any rationale for the assumption. Id. ¶ 9.  Finally, Defendants' attorney's fee calculations are unsubstantiated because the projected fees were based on the presumptive calculations described above.  Id. ¶ 10.

Defendants ultimately failed to provide any evidence regarding the mentioned assumptions and the calculations described in the Hamilton Declaration are unnecessarily speculative.  Defendants' failure to submit competent evidence is particularly inexcusable given that it has easy and unlimited access to the employee records and other documents which would show whether its figures have any basis in fact.[6]  In sum, Defendants have failed to establish to a legal certainty that the amount in controversy exceeds $5,000,000.  Accordingly, CAFA does not provide a proper basis for subject matter jurisdiction and Plaintiff's Motion to Remand is therefore GRANTED.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand, ECF No. 6, is GRANTED.[7]  The case is hereby remanded to the Superior Court of the State of California, County of Solano.  The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:  March 16, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[6] Defendants request "Plaintiff's Motion be continued in order to conduct discovery specific to the amount in controversy."  Defs.' Opp., ECF No. 10, at 9.  The Court declines to exercise its discretion to request additional discovery regarding the amount in controversy given that Defendants already had access to the relevant records and documents.

[7] Accordingly, Defendants' Motion to Dismiss, ECF No. 4, is DENIED as moot.

6